IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRENA SHANKS, CHRISTINA R. COLLIER and MARTINA L. JONES individually and on behalf of a class of persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHILDREN'S PLACE RETAIL STORES, INC.,<br><br>Defendant. | No. 11-CV-7156<br><br>Judge: William T. Hart<br>Magistrate Judge: Jeffrey T. Gilbert |

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING COUNT II OF PLAINTIFFS' COMPLAINT

Defendant, THE CHILDREN'S PLACE RETAIL STORES, INC., ("Children's Place" or "Company"), pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, moves this Court to enter judgment on the pleadings in favor of Children's Place and dismiss, with prejudice, regarding Count II of Plaintiffs' Complaint involving Plaintiffs' cause of action based on the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1 *et seq*. In support of its Motion, the Children's Place states as follows:

1.  Plaintiffs' cause of action in Count II, based on the IWPCA, is fatally defective because Plaintiffs are improperly attempting to expand a lawsuit based on the Fair Labor Standards Act ("FLSA"), 29 U.S. C. §201 *et seq*, and Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1 *et seq*, to recover alleged minimum wages and/or overtime pay into a contract claim under the IWPCA.

2.  Other courts have rejected IWPCA claims in virtually identical circumstances. *See e.g. Smith v. C.H. James*, 2012 U.S. Dist. LEXIS 9960, at * 6 (N.D. Ill. Jan. 26, 2012) (attached as

Exhibit A to Memorandum in Support of this Motion)

3. As the Court is aware, Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties. *See* Fed. R. Civ. P. 12(c); *See also*, *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). In reviewing a 12(c) motion, courts apply the same standard employed for a 12(b)(6) motion to dismiss. *Pisciotta v. Old Nat. Bancorp*, 499 F. 3d 629, 633 (7th Cir. 2007).

4. Plaintiffs' allegations merely include a general statement about a so-called "promise" to pay Plaintiffs "at an hourly rate agreed upon" and overtime "at 1.5 their agreed-upon hourly rate," and also seek relief on behalf of "all others similarly situated." (Compl. ¶¶ 62, 57; see generally ¶¶56-65). Such conclusory allegations that there was a purported agreement based on a so-called "promise" are not sufficient to establish that Plaintiffs and Defendant had the necessary mutual assent and formed an agreement concerning Plaintiffs' pay as it relates to their IWPCA claim.

5. In fact, to conclude that the Plaintiffs had some sort of informal agreement with the Defendant merely by working for the Company would render moot the rule that the IWPCA does not provide an independent substantive right to pay absent some agreement.

6. As explained in more detail in Defendant's Memorandum of Law in Support of Motion for Judgment on the Pleadings, Defendant respectfully requests this Court to grant their motion for judgment on the pleadings regarding Plaintiffs' claim under the Illinois Wage Payment and Collection Act because it is abundantly clear that Plaintiff's claim are based on the FLSA and Illinois Minimum Wage Law, not based on any contract with Defendant regarding their pay.

WHEREFORE, the Company respectfully requests that the Court grant its motion and issue judgment on the pleadings with respect to Count II in favor of Defendant.

-3-

                Respectfully submitted,

                THE CHILDREN'S PLACE RETAIL STORES, INC.


                By: */s/ Barry A. Hartstein*
                      One of Its Attorneys

Barry A. Hartstein, IL Bar No. 1147048
bhartstein@littler.com
Christine A. Andronache, IL Bar No. 6292289
candronache@littler.com

LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1000
Chicago, Illinois 60654
Telephone:    312.372.5520
Facsimile:    312.372.7880

Dated: March 27, 2012

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on March 27, 2012 he caused a true and correct copy of the foregoing Defendant's Motion for Judgment on the Pleadings Regarding Count II of Plaintiffs' Complaint to be electronically filed with the Clerk of the Court via using the CM/ECF system, which will send such notification to the counsel listed below:

James X. Bormes
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, IL 60603
bormeslaw@sbcglobal.net

Thomas M. Ryan
Law Office of Thomas M. Ryan, P.C.
35 East Wacker Drive
Suite 650
Chicago, IL 60601
tom@tomryanlaw.com

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
jeff@JGBrownlaw.com

Catherine P. Sons
Converse Law Offices, LLC
8 South Michigan Avenue
Suite 2600
Chicago, IL 60603
sons@converselawoffices.com

                                          */s/ Barry A. Hartstein*
                                            Barry A. Hartstein